UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| **CSX TRANSPORTATION, INC.,** *Plaintiff*, v. **TRIPLE H TRANSPORT, INC.** and **RODNEY D. WOOD,** *Defendants*. | CASE NO: CV522-023 |

## COMPLAINT

Plaintiff CSX Transportation, Inc., ("CSX") by and through its attorneys, files this Complaint against defendants, Triple H Transport, Inc. ("THT"), and Rodney D. Wood ("Wood"), and in support thereof, avers as follows:

## PARTIES

1.  CSX is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business in Jacksonville, Florida. CSX operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board, and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq*.

2.  THT is a Georgia corporation with its principal place of business at 9598 Sandy Cross Road, Carnesville, GA 30521, and is domiciled in the state of Georgia.

3.  Wood is a current or former employee, representative or agent of THT who is (and was at all times relevant to the claims asserted by CSX and at the time of filing of CSX' Complaint) a citizen of the state of Georgia and was domiciled in the state of Georgia.

## JURISDICTION

4. Jurisdiction is based upon 28 U.S.C § 1332 diversity as the plaintiff and defendants are citizens of different states, and the amount in controversy is in excess of $75,000.

## VENUE

5. Venue properly lies in this district pursuant to 28 USC § 1391 because a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this judicial district.

## PREDICATE FACTS

6. On May 3, 2018, CSX train Q22003 (the "Train") travelled westbound within Coffee County, Georgia, and approached a public highway grade crossing at or near the intersection of Barrington Road and Pecan Grove Lane, located at MP ANB 633.6 (the "Crossing").

7. The Crossing is enabled with protection that includes warning discs, crossbucks, and a stop sign.

8. The railroad tracks at or near the Crossing run approximately east to west, while Pecan Grove Lane runs parallel to the railroad tracks near the Crossing and Barrington Road runs perpendicular to the railroad tracks near the Crossing.

9. On or about May 3, 2018, a THT owned, controlled, and – through its employee, agent, or representative Rodney D. Wood – operated a Western Star Conventional tractor-trailer (the "Truck") that approached the Crossing while traveling northbound on Barrington Road at the same time the Train approached the Crossing.

10. As the Train approached the Crossing, it sounded its horn.

11. Ignoring the approaching Train, the crossing protection, and the horn, the Truck entered and obstructed the Crossing.

12. At the time, Wood was operating the Truck as an employee, principal agent, ostensible agent, workman and/or servant of THT.

13. Due to THT and/or its agent, employee or servant's obstruction of the Crossing and failure to yield to the approaching Train, the Truck struck the Train and caused damage to CSX property (the "Incident").

14. THT and/or its agent failed to take the precautions necessary to avoid a collision with the Train and operated the Truck in an unsafe and unreasonable manner.

15. The Incident was caused solely and wholly by the negligence, gross negligence, carelessness, recklessness, and wantonness of THT and Wood, joint and severally.

16. Wood was acting within the scope of his employment and his authority for THT at the time of the Incident.

17. As a direct and proximate result of the Incident, CSX has suffered damage to its property, labor expenses, delay, loss of use, and further related damages.

18. As a result of the Incident, CSX suffered damages in excess of $75,000.

19. CSX's damages were caused by THT's and/or Wood's negligent, wanton, and/or reckless operation of the Truck.

## CAUSES OF ACTION

### COUNT I: NEGLIGENCE
*CSX v. Wood*

20. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if set forth at length herein.

21. At all relevant times, Wood had a duty to CSX and others to operate the Truck in a safe manner, observe due care under the circumstances presented, and a duty to stop or otherwise yield to oncoming rail traffic but failed to do so.

22. Wood failed to operate the Truck in a safe manner by entering a railroad crossing in front of an oncoming train, despite the Train sounding its horn, resulting in the Incident.

23. As a direct and proximate result of the negligence, carelessness, and recklessness of THT's employee, agent, and/or servant, CSX suffered property damages in excess of $75,000 that were foreseeable consequences of the negligence of THT.

## COUNT II: NEGLIGENCE
*CSX v. THT*

24. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if set forth at length herein.

25. Upon information and belief, THT, as a federally-regulated motor carrier engaged in interstate commerce, had a duty to impose and enforce reasonable and necessary road safety programs, safe driver practices, and/or safe dispatch practices.

26. Further, THT at all times had a duty to ensure its drivers' compliance with state and federal laws and regulations.

27. Such duties were necessary to protect the safety of the person and property of others, such as CSX.

28. Upon information and belief, THT failed to implement and/or enforce such reasonable and necessary programs and practices.

29. As a direct and proximate result of THT's negligence, carelessness, and recklessness, CSX suffered property damages in excess of $75,000 that were foreseeable consequences of the negligence of THT.

## COUNT III: RESPONDEAT SUPERIOR
*CSX v. THT*

30. Plaintiff repeats and re-alleges each and every allegation contained in the preceding

paragraphs as if set forth at length herein.

31. At the time of the Incident, Wood was an agent, servant, workman, and/or employee of THT, and was at all relevant times under the control and direction of THT.

32. At the time of the Incident, Wood was operating the Truck in the course and scope of his agency and employment with THT.

33. THT, through Wood, had a duty to CSX and others to operate the Truck in a safe manner, observe due care, and a duty to stop or otherwise yield to oncoming rail traffic but failed to do so.

34. THT, through Wood, failed to exercise due care and caution under all of the existing circumstances and failed to take the necessary steps to avoid striking the Train by entering the Crossing.

35. THT is responsible for the negligent acts and omissions of its agent, servant, workman, and/or employee, Wood.

36. As a direct and proximate result of Wood's negligence, carelessness, and recklessness, CSX suffered property damages in excess of $75,000 that were foreseeable consequences of the negligence of Wood.

## COUNT IV: NEGLIGENCE *PER SE*
### *CSX v. Wood*

37. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if set forth at length herein.

38. At the time of the Incident, Wood was negligent *per se* by reason of having violated multiple laws governing the operation of motor vehicles that were meant to protect CSX and other motorists from the type of harm that resulted from the Incident, including, but not limited to, the following:

    a. O.C.G.A. § 40-6-72. Stopping and yielding.

    b. O.C.G.A. § 40-6-140. Approaching and travel over railroad grade crossing.

    c. O.C.G.A. § 40-6-141. Erection and observance of stop signs at railroad grade crossings.

    d. O.C.G.A. § 40-6-142. Certain vehicles to stop at all railroad crossings.

    e. O.C.G.A. § 40-6-205. Obstructing intersection.

    f. O.C.G.A. § 40-6-390. Reckless driving.

    g. Any and all applicable Georgia state statutes that concern the regulation of motor vehicles that THT and THT's employees, agents, or servants may have violated while operating the Truck before or at the time of the Incident.

39. As a direct and proximate result of Wood's negligence *per se*, CSX suffered property damages in excess of $75,000.

### COUNT V: NEGLIGENCE *PER SE*
### CSX v. THT

40. Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs as if set forth at length herein.

41. At the time of the Incident, THT was negligent *per se* by reason of having violated multiple laws governing the operation of motor vehicles that were meant to protect CSX and other motorists from the type of harm that resulted from the Incident, including, but not limited to, the following:

    a. O.C.G.A. § 40-6-72. Stopping and yielding.

    b. O.C.G.A. § 40-6-140. Approaching and travel over railroad grade crossing.

    c. O.C.G.A. § 40-6-141. Erection and observance of stop signs at railroad grade crossings.

    d.  O.C.G.A. § 40-6-142. Certain vehicles to stop at all railroad crossings.

    e.  O.C.G.A. § 40-6-205. Obstructing intersection.

    f.  O.C.G.A. § 40-6-390. Reckless driving.

    g.  Any and all applicable Georgia state statutes that concern the regulation of motor vehicles that Wood may have violated while operating the Truck before or at the time of the Incident.

42. As a direct and proximate result of THT's negligence *per se*, CSX suffered property damages in excess of $75,000.

**WHEREFORE**, Plaintiff CSX Transportation, Inc. respectfully demands that judgment be entered in its favor and against defendants Triple H Transport, Inc. and Rodney D. Wood, joint and severally, in an amount to be proven at trial, in addition to prejudgment interest, together with costs, attorney's fees, and such other relief as the Court may allow.

Dated this 14th day of April, 2022.

    Respectfully submitted,
**HALL GILLIGAN ROBERTS & SHANLEVER, LLP**

By: */s/ Kristen W. Goodman*
Kristen W. Goodman
Georgia Bar No: 300881
kgoodman@hgrslaw.com
Keri M. Martin
Georgia Bar No: 679803
kmartin@hgrslaw.com
7402 Hodgson Memorial Drive, Suite 110
Savannah, Georgia 31406
Telephone: (912) 777-6636

*Attorneys for Plaintiff,
CSX Transportation, Inc.*